THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:    (323) 686-5400
Facsimile:    (323) 686-5403

Attorneys for Colony Lodging, Inc.,
Debtor and debtor-in-possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>COLONY LODGING, INC.,<br><br>        Debtor. | Case No. 2:10-bk-55925-VZ<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER SUBSTANTIVELY CONSOLIDATING THE DEBTOR'S CASE WITH THE CASES OF AFFILIATED DEBTORS AND DIRECTING JOINT ADMINISTRATION OF RELATED CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LEONARD M. ROSS IN SUPPORT THEREOF**<br><br>**Hearing**<br>Date:    March 8, 2011<br>Time:    11:00 a.m.<br>Judge:  Hon. Vincent P. Zurzolo<br>          Courtroom 1368<br>           255 East Temple Street<br>          Los Angeles, CA  90012 |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE

UNITED STATES TRUSTEE; AND THE PARTIES ENTITLED TO NOTICE:

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA  90027
Tel. (323) 686-5400     Fax  (323) 686-5403

Colony Lodging, Inc., the debtor and debtor-in-possession in the above-referenced case (the "Debtor" or "Colony Lodging"), hereby moves this Court for entry of an order (1) substantively consolidating the Debtor's estate with the estates of related Chapter 11 debtors Leonard M. Ross, an individual (the "Individual Debtor" or "Ross"), 1009 BH Properties, LLC, a Delaware limited liability company, Chimney Hill Properties, Ltd., a Texas limited partnership, Monte Nido Estates, LLC, a California limited liability company, Rossco Holdings, Inc., a California corporation, and WM Properties, Ltd., a California limited partnership (together with the Debtor, the "Entity Debtors" and together with the Debtor and the Individual Debtor, the "Debtors"), pursuant to Bankruptcy Code Section 105(a), on the terms and conditions set forth in the attached Memorandum of Points and Authorities and (2) authorizing and directing joint administration of the Debtors' chapter 11 cases pursuant to Local Bankruptcy Rule 1015-1(b) and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

PLEASE TAKE FURTHER NOTICE that the Motion is based on the attached Memorandum of Points and Authorities and Declaration of Leonard M. Ross, the arguments of counsel, the record in this case, any oral or documentary evidence presented at or prior to the hearing on the Motion, and any other admissible evidence properly brought before the Court. In addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court in this case.

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be heard in this Court on March 8, 2011, at 11:00 a.m., or as soon thereafter as it may be heard.

PLEASE TAKE FURTHER NOTICE that upon entry of an order of this Court granting the Motion, solely for the purposes of a plan of reorganization for the substantively consolidated Debtors that is confirmed by the Court and of distributions to be made thereunder, the assets, claims, and affairs of the Debtors and the Estates will be substantively consolidated pursuant to Bankruptcy Code Section 105(a). The Debtors have concluded that substantive consolidation of the Debtors' estates is appropriate in connection with a plan of reorganization for the Debtors, will benefit all creditors, and will facilitate the orderly, efficient and economical administration of the Debtors' cases.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

PLEASE TAKE FURTHER NOTICE that joint administration of the Debtors' estates will result in this Court maintaining a joint pleadings docket and permitting the Debtors to combine notices to creditors; will address the multiplicity of overlapping and duplicative claims asserted against the Debtors by common creditors; will eliminate unnecessary and expensive duplication of effort by the Debtors, their professionals, their creditors, and this Court; will eliminate the substantial confusion and waste that maintaining separate dockets would otherwise create; and will protect creditors of the different estates against potential conflicts of interest, as described more fully below.

PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(f) requires that any response to the Motion must be filed with the Court and served on the counsel for the Moving Debtor at the address appearing on the upper-left hand corner of the caption page to this Motion and the United States Trustee not later than 14 days before the date designated for the hearing (i.e., by February 22, 2011). The failure to timely file and serve written response may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (1) finding that notice of the Motion was adequate and appropriate, (2) granting the Motion in its entirety, (3) substantively consolidating the Debtor's case with the cases of Ross and the other Entity Debtors solely for the purposes and on the terms set forth herein, (4) authorizing the joint administration of the Debtor's case with the chapter 11 cases of Ross and the other Entity Debtors under the case number for *In re Leonard M. Ross*, Case No. 10-bk-49358-VZ; (5) approving the form of joint caption annexed hereto as Exhibit 1; and (6) granting such other relief as this Court deems necessary and appropriate.

DATED: February 15, 2011          ___/s/ David J. Richardson_____
                                  DAVID J. RICHARDSON
                                  LAURA L. BUCHANAN
                                  THE CREDITORS' LAW GROUP, APC
                                  Attorneys for Rossco Holdings, Inc., Colony Lodging, Inc., Monte Nido Estates, LLC, and WM Properties, Ltd., and
                                  [Proposed] Attorneys for 1009 BH Properties, LLC, Chimney Hill Properties, Ltd., Debtors and Debtors-In-Possession

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400     Fax (323) 686-5403

iii

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................4

II.     STATEMENT OF FACTS ....................................................................5

A.      General Background. .........................................................................5

B.      Summary of the Debtors. ..................................................................6

C.      The Proposed Scope of Substantive Consolidation. .........................9

D.      The Scope of Joint Administration. ................................................11

III.    ARGUMENT .....................................................................................12

A.      Substantive Consolidation of the Debtors' Cases Is Appropriate...............12

1.      This Court Has the Authority to Order Substantive Consolidation. ............12

2.      The Standard for Substantive Consolidation. ................................13

    (a)     The first Bonham factor – whether creditors dealt with the entities as a
            single economic unit and did not rely on their separate identity in
            extending credit – applies in the Debtors' cases.........................................15

    (b)     The second Bonham factor – whether the affairs of the debtor are so
            entangled that consolidation will benefit all creditors. ..............................16

B.      Joint Administration, Either as Combined or Alternative Relief, Will
        Benefit the Debtors' Estates.......................................................................17

    1.      Joint Administration Of These Cases Will Yield Substantial
            Administrative Benefits. ......................................................................17

2.      Joint administration will protect against conflicts of interest. ....................19

III.    CONCLUSION...............................................................................19

1

2

TABLE OF AUTHORITIES

Alexander v. Compton (In re Bonham), 229 F.3d 750 (9th Cir. 2000) ……………….13, 14, 15, 16

In re Arnold, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983) ………………………………..……..19

In re Bashas' Inc., 437 B.R. 874 (Bankr. D. Ariz. 2010)……………………………………15, 16

In re Brookhollow Assocs., 435 F. Supp. 763, 766 (D. Mass. 1977) ………………..……………18

In re Crabtree, 39 B.R. 718 (Bankr. E.D. Tenn 1984) ……………………………….…...…..13

FDIC v. Colonial Realty Co., 966 F.2d 57 (2d Cir. 1992) …………………………..…………13

In re I.R.C.C., Inc., 105 B.R. 237 (Bankr. S.D.N.Y. 1989)……………………………...…..13, 19

In re Nite Lite Inns, 17 B.R. 367 (Bankr. S.D. Cal. 1982) …………………………..………14

In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986)……………….…..18, 19

In re Oxridge Investment Group, 43 B.R. 418 (Bankr. D.N.H. 1984) ……………………………13

In re Safren, 65 B.R. 566 (Bankr. C.D. Cal. 1986) …………………………………………13

Sharp v. Salyer (In re SK Foods, L.P.), 2010 U.S. Dist. LEXIS 136178
(E.D. Cal. Dec. 9, 2010)……………………………………………………………………………...13

Simantov v. Lahijani (In re Lahijani), 2005 Bankr. LEXIS 1891
(Bankr. C.D. Cal. Oct. 3, 2005)………………………………………………………………15

In re Standard Brands Paint Co., 154 B.R. 563 (Bankr. C.D. Cal. 1993)………………………3, 18

STATUTES

11 U.S.C. § 101(2)(d)…………………………………………………………………………………19

11 U.S.C. § 101(31)…………...……………………………………………………………………..19

11 U.S.C. § 105(a)…………………………………………………………………………………13

Fed. R. Bankr. P. 1015(b) - (c)………………………………………………………………...…..18

Fed. R. Bankr. P. l015 (Committee Note ¶ 4)………………………………………………………18

Fed. R. Bankr. P. 1015(b)…………………………………………………………………………20

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**The Creditors' Law Group, a Professional Corporation**
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

### LOCAL BANKRUPTCY RULES

LBR 1015-2(a)(3) and (a)(3)………………………………..……………..…...19

Local Bankruptcy Rule 1015-1(b)……………………………………………………………………20

### TREATISES

9 Collier on Bankruptcy ¶ 1015.03 (15th ed. 2005) …………………………………………18

**The Creditors' Law Group, a Professional Corporation**
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Ross, individually and as the Trustee of the Leonard M. Ross Revocable Trust (the "Trust''), has ownership interests in multiple businesses that, among other things, own, operate, and/or develop real property. These businesses include the real estate development business that is carried out by the Entity Debtors. Their developments include properties in Texas and California, and the Debtors have worked with each other to procure financing and develop the properties together.

Rossco, which is wholly owned by Ross, serves as general partner for two of the entity debtors (WM Properties, Ltd. and Chimney Hill Properties, Ltd.), is the sole equityholder and managing member of 1009 BH Properties, LLC and Monte Nido Estates, LLC, and is the sole equityholder of Colony Lodging, Inc. Further entanglements among the Debtors are discussed in detail below.

Because the Debtors' affairs are inextricably intertwined, and because the majority of the Debtors' creditors (by value of claims) dealt with multiple related entities as if they were one, leading to substantial overlapping and duplicative claims, the Debtor has concluded that substantive consolidation of the Debtors' estates as described herein, and joint administration of the Debtors' cases, will further the interests of the Debtors' estates and their creditors.

While substantive consolidation is often requested by creditors who question prepetition transactions among related debtors, debtors also frequently request substantive consolidation of their own cases where it will benefit the estates and their creditors. Here, the Debtors seek substantive consolidation of their cases because (a) the Entity Debtors are all businesses ultimately owned, controlled and/or operated by Ross, and have operated much like divisions of a single enterprise; (b) creditors have frequently relied upon the credit of multiple Debtors in the form of guaranties and related loan transactions, and have frequently treated multiple Debtors as if they were a single entity; (c) unscrambling the Debtors' affairs and determining with precision the proper allocation of each of their assets and liabilities will impose unnecessary and substantial administrative expenses on the

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

Debtors' estates, and (d) consolidation will benefit, and not harm, the Debtors' creditors, including

those that are not creditors in more than one of the Debtors' cases.

## II.

## STATEMENT OF FACTS

### A.    General Background.

On September 15, 2010, Ross, who is president and sole equityholder of Rossco, filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  Prior to that

filing, Rossco, Colony Lodging, Inc. ("Colony Lodging"), Monte Nido Estates, LLC ("Monte

Nido"), and WM Properties, Ltd. ("WM Properties") had commenced their cases by filing voluntary

petitions for relief under chapter 11 of the Bankruptcy Code in Texas, and these cases were

transferred to this Court, as explained below.   On December 27, 2010, 1009 BH Properties, LLC

("1009 BH Properties") and Chimney Hill Properties, Ltd. ("Chimney Hill") filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code in this Court (Rossco, Colony Lodging, Monte

Nido, WM Properties, 1009 BH Properties and Chimney Hill, collectively, the "Entity Debtors", and

collectively with Ross, the "Debtors").

Ross, individually and as the Trustee of the Trust, has direct or indirect interests in each of

the Entity Debtors, each of which furthers his business interests as an owner, operator and developer

of real property.  The Entity Debtors are subject to common management and control by Ross, who

actively manages the business and makes all significant business decisions for the Debtors.

Similarly, Ross uses the same accountant for Ross and all of the Entity Debtors, the Debtors utilize

common offices and resources, and the Debtors' share books and records.  Ross Decl. at ¶ 5.

Several of the Debtors' most significant creditors have asserted claims against multiple

Debtors arising from guarantees of secured loans or co-liability based on other grounds.  For

example, in late November 2010, Pacific Mercantile Bank ("PMB") and all of the Debtors other than

1009 BH Properties and Chimney Hill obtained approval of a settlement of most of PMB's secured

claims (the "PMB Settlement"), which left PMB as an unsecured creditor holding a deficiency claim

that is a joint and several obligation of the Ross and Rossco estates, and a secured creditor in the

WM Properties case.  Other common secured, or formerly secured creditors of the Debtors include:

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA  90027
Tel. (323) 686-5400    Fax (323) 686-5403

(i) Bank of America, N.A., which asserts claims against Ross and Rossco; (ii) JP Morgan Chase

Bank, N.A., which asserts claims against 1009 BH Properties, Chimney Hill Properties, Ross and

Rossco (iii) OneWest Bank, FSB, which asserts claims against Rossco, WM Properties and Ross;

(iv) National Guaranty Life Insurance Company, which asserts claims against Rossco and Ross; and

(v) Ford Motor Credit Company, which asserts claims against Rossco and Monte Nido.  Ross Decl.

at ¶ 7.

     The overlap also extends to intercompany claims between the Debtors.  Most of the Debtors

have filed proofs of claim against one or more of the other Debtors for loans among them,

contribution rights arising from guarantees of other Debtors' obligations to third parties, co-debtor

obligations and joint and several liabilities to third parties from multiple Debtors.  Many of these

transactions, particularly those that involve significant sums, have been well documented.  But the

Debtors are also aware that the manner in which the Debtors have been operated, much like

divisions of a single enterprise, may make it difficult to fully account for all loans that have been

made among the entities.  Sorting out such transactions would be difficult, time consuming and

costly, and would not provide the Debtors' creditors with any benefit, as explained below.

### B.   Summary of the Debtors.

### 1.   Leonard Ross

     Ross is an individual debtor-in-possession, and is the president and 100% owner of Rossco,

which in turn wholly owns 1009 BH Properties, Colony Lodging and Monte Nido Estates, and is the

general partner of Chimney Hill and WM Properties.  Ross Decl. at ¶ 8.

### 2.   1009 BH Properties, LLC

     1009 BH Properties is a Delaware limited liability company, which is wholly owned by

Rossco, and primarily owns real property located at 1009 N. Beverly Drive, Beverly Hills, CA

90210 (the "1009 Property").  Its largest creditor is JP Morgan Chase Bank, N.A. ("JP Morgan"),

which asserts a secured claim of approximately $4,615,000 that is secured by the 1009 Property,

which has an estimated value of approximately $8,500,000.  JP Morgan has filed claims indicating

that this loan is guaranteed by Rossco and Ross individually and as trustee of the Trust.  Ross Decl.

at ¶ 9.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400     Fax (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

### 3. Chimney Hill Properties, Ltd.

Chimney Hill is a Texas limited partnership. Its general partner is Rossco, and it primarily owns real property located at 1013 N. Beverly Drive, Beverly Hills, CA 90210 (the "1013 Property"). Its largest creditor is JP Morgan, which asserts a secured claim of approximately $5,940,000 that is secured by the 1013 Property, which has an estimated value of approximately $11,500,000. JP Morgan has filed claims indicating that this loan is guaranteed by Rossco and Ross, individually and as trustee of the Trust. Ross Decl. at ¶ 10.

### 4. Rossco Holdings, Inc.

Rossco is a California corporation that is engaged in the businesses of real property leasing, operating, management, development and sales. Rossco owns developed and undeveloped real property in College Station, Texas, including a 60-unit rental complex. Rossco also owns an interest in approximately thirteen (13) other entities, including interests in 1009 BH Properties, WM Properties, Monte Nido Estates and Colony Lodging, and furnishes general management functions and oversight for the ownership, operation, management, development and/or marketing of real property. Rossco scheduled approximately 27 general unsecured creditors with claims in the total amount of $37,734,949.86. Several of these claims are based on alleged guaranty or co-liability obligations of Rossco that arise from primary obligations of other Debtors. Ross Decl. at ¶ 11.

### 5. Colony Lodging, Inc.

Colony Lodging is a Texas corporation which, prior to the PMB Settlement, owned and operated a 200-unit apartment complex in College Station, Texas. Colony Lodging is wholly owned by Rossco. Colony Lodging has scheduled approximately 27 general unsecured creditors, with claims in the total amount of $83,280. Ross Decl. at ¶ 12.

### 6. Monte Nido Estates, LLC

Monte Nido Estates is a California limited liability company in the real estate development business, and it is wholly owned by Rossco. Prior to the PMB Settlement, Monte Nido Estates owned 14 of 20 vacant lots in a small division known as Monte Nido Estates in Calabasas, California, which lots were conveyed to PMB in the PMB Settlement. Ross Decl. at ¶ 13.

7.      **WM Properties, Ltd.**

WM Properties is a California limited partnership.  Its general partner is Rossco.  WM Properties owns and leases commercial property in Killeen, Texas (the "Killeen Property"), owns a 3 acre tract of land in Montecito, California (the "Montecito Property"), and owns a limited partnership interest in LJR Properties, Ltd., which prior to the petition date owned and operated a hotel in Killeen, Texas.  WM Properties' secured creditors include RFF Family Partnership, which holds a second priority secured claim on the Killeen Property in the amount of $300,000, based on a prepetition loan to WM Properties.  WM Properties' largest remaining secured creditor is OneWest Bank FSB, scheduled by WM Properties as having $1,938,313 secured claim against it, secured by the Montecito Property.  Ross Decl. at ¶ 14.

The Debtor believes that on a consolidated basis, the Debtors are solvent and will be able to satisfy all claims against them in these cases.  The Debtor estimates that on a consolidated basis, the Debtors have a significant, multi-million dollar excess of equity over the amount of all secured and unsecured claims asserted in each of the Debtors' cases.  Ross Decl. at ¶ 16.

The secured claims of the Debtors' various secured lenders are oversecured, as the values of the properties that serve as collateral far exceed the related obligations.  Accordingly, the Debtors' secured creditors will not be impacted in any material manner by substantive consolidation.

Based on the foregoing, none of the Debtors' unsecured creditors will be prejudiced by substantive consolidation.  The Debtors contend that, at most, only Monte Nido and Colony Lodging could be described as insolvent debtors, while each of the other Debtors is solvent, albeit with illiquid assets tied up in real estate.  Monte Nido scheduled approximately $61,000 in unsecured claims, and less than $17,000 in unsecured claims have been filed against it by non-Debtor creditors.  Colony Lodging scheduled approximately $93,000 in unsecured claims, and approximately $68,000 in unsecured claims have been filed against it by non-Debtor creditors.  Ross Decl. at ¶ 17.  Monte Nido and Colony Lodging, independently, appear to lack the assets sufficient to pay these creditors' claims in full.  Substantive consolidation would benefit these unsecured creditors by pooling the assets of the other Debtors, but will not harm the other Debtors' estates or creditors as the other Debtors' excess equity far exceeds the amount of these unsecured claims.

8

C.    **The Proposed Scope of Substantive Consolidation.**

1.    **Generally**

The Debtors contend that substantive consolidation of their estates is in the best interests of their creditors, and that it is in the further interest of their creditors to seek substantive consolidation now, rather than wait and seek such relief in connection with the confirmation of seven separate plans of reorganization.  Substantive Consolidation will facilitate the orderly, efficient and economical administration of the Debtors' cases because: (a) it will reduce the costs and expenses associated with seven different but thoroughly overlapping cases; (b) it will avoid the expense of proposing and confirming seven different, yet inextricably intertwined plans of reorganization; (c) it will permit existing counsel for Ross and separate counsel for the Ross Entities to work together, at less expense and overlap; (d) it will simplify the tasks of the Examiner recently appointed by this Court to examine transactions between Ross and the Ross Entities; (e) it will remove multiple claims against multiple Debtors, such that each creditor will have a single claim against consolidated assets; and (f) it will avoid the time and expense associated with further untangling the affairs of Debtors that have historically operated very closely with one another.

2.    **The Effect of Substantive Consolidation**

The Debtors seek substantive consolidation solely for the purposes of proposing and confirming a single plan of reorganization (the "Plan") for the substantively consolidated Debtors (together, the "Consolidated Debtor"), and for consummating the terms of the plan once confirmed. The Debtors do not intend to alter the legal distinctions of each Debtor entity, including for tax purposes (where the taxes of each of the Entity Debtors, which are not partnerships, are addressed in Rossco's tax returns, and the taxes of the Entity Debtors, which are partnerships, are addressed in their returns).   As a result, the substantive consolidation of the Debtors' estates pursuant to 11 U.S.C. § 105(a) would provide as follows:

(i)    all property, rights, and claims of the Debtors and their estates, and all claims against the Debtors and their estates shall be deemed pooled for purposes of the Plan and of distributions to be made thereunder,

(ii)    the obligations of each Debtor will be deemed to be the obligations of the Consolidated Debtor solely for purposes of the Plan and distributions thereunder,

(iii)    any claims filed or to be filed in connection with any such obligations of the Consolidated Debtor will be deemed claims against the Consolidated Debtor,

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA  90027
Tel. (323) 686-5400    Fax (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

(iv)    each claim filed in the Chapter 11 case of any Debtor will be deemed filed against the Consolidated Debtor in accordance with the substantive consolidation of the assets and liabilities of the Debtors,

(v)    holders of claims and interests will be required to vote in substantively consolidated classes of claims based on the specific facts of the Debtors' cases; voting in this manner is not intended to be used for gerrymandering votes or to have the effect of permitting the Debtors to confirm an otherwise unconfirmable Plan,

(vi)    all transfers, disbursements and distributions made by any Debtor under the Plan will be deemed to be made by the Consolidated Debtor,

(vii)    duplicate claims upon which any of the Debtors are co-obligors or guarantors or otherwise may be contingently liable shall without necessity of objection by any party be deemed to constitute a single proof of Claim entitled to a single satisfaction from the substantively consolidated Estates in accordance with the terms of the Plan, and the duplicative claims shall be deemed to have been disallowed,

(viii)    all inter-Debtor claims between and among the Debtors and their estates will be deemed to have been cancelled and disallowed and will not be entitled to any distribution under the Plan, and

(ix)    all guarantees of the Debtors of the obligations of any other Debtors shall be deemed eliminated, so that any claim against any Debtor, and any guarantee thereof executed by any other Debtor, and any joint or several liability of any of the Debtors shall be deemed to be one obligation of the Consolidated Debtor, and all claims filed (or otherwise asserted) by any claimant against a Debtor for its guarantee of a debt by any other Debtor will be deemed to have been cancelled and disallowed and will not be entitled to any distribution under the Plan.

Although the Debtors are to be substantively consolidated for the purposes set forth above, each Debtor is to remain a separate entity for all other purposes, including the purpose of achieving appropriate tax savings; substantive consolidation will not create a new "entity" or any other vehicle for income tax purposes; and the order approving the Motion shall not permit any of the Debtors to report their federal income taxes on a consolidated basis if they have not previously done so.

Ross is represented in these matters by The Law Offices of Robert Yaspan.  On December 7, 2010, the Entity Debtors retained The Creditors' Law Group, a Professional Corporation ("TCLG"), as separate counsel from Ross' counsel to address concerns raised by the Court regarding conflicting interests between creditors of Ross and the Entity Debtors.  Ross Decl. at ¶ 18.  The separate counsel for Ross and the Entity Debtors will continue, but any conflict issues will be erased as a result of substantive consolidation, which would permit such counsel to work cooperatively to reduce overlap, and therefore expenses to the estates, without the risk of conflicts arising.

TCLG recently filed additional disclosures in the cases of each of the Entity Debtors that identified the following intercompany claims, which will be eliminated by substantive consolidation:

a.   Chimney Hill Properties, Ltd. has filed a claim against Rossco for an amount in excess of $5.5 million arising from outstanding loans to Rossco, and for outstanding loans to a non-debtor entity for which Rossco is the general partner;

b.   1009 BH Properties, LLC has filed a claim against Rossco for $2,000,000.00 arising from an outstanding advance;

c.   Rossco has filed a claim against WM Properties, Ltd. for $1,675,000.00 arising from an outstanding loan, and for a contingent, unliquidated claim in the event Rossco is required to pay any of WM Properties, Ltd.'s debts as its general partner;

d.   Rossco has filed a contingent, unliquidated claim against Monte Nido Estates, LLC for any amounts Rossco may become obligated to pay as a co-debtor, if any;

e.   Rossco has filed a contingent, unliquidated claim against Colony Lodging, Inc., for any amounts Rossco may become obligated to pay as a co-debtor, if any;

f.   WM Properties, Ltd. has filed a claim against Colony Lodging, Inc. for $63,089.00 arising from an unpaid debt;

g.   WM Properties, Ltd. has filed a claim against Rossco for $316,384.58 arising from an unpaid debt; and

h.   WM Properties, Ltd. has filed a claim against Monte Nido Estates, LLC for $14,000.00 arising from an unpaid debt.

Several of the Entity Debtors have also filed claims against Ross, who in turn has filed claims against several of the Entity Debtors. These claims will also be eliminated by substantive consolidation. The guarantee claims, co-debtor claims, and joint and several liability claims that the Debtors have identified and which will be eliminated by substantive consolidation are listed on Exhibit 2. There may be other such claims, which have not yet been identified; the Debtor reserves all rights with respect to such claims.

**D.    The Scope of Joint Administration.**

The Debtors further propose that all pleadings relating to these cases bear a joint caption substantially in the form attached as Exhibit 1 to this Motion and that the Debtors be permitted to combine notices to parties in interest of matters affecting multiple Debtors. In addition, each filed pleading should indicate either that all of the Debtors are parties to or affected by the pleading, or which of the Debtors is party to or affected by the pleading. The Debtors request that the Clerk of the Court file and maintain all of the pleadings filed in these cases under the docket for Ross.

Notwithstanding the substantive consolidation and/or joint administration of the Debtors' cases, creditors would be required to file their respective proofs of claim against the applicable Debtor on or before the applicable bar date.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

## II.

## ARGUMENT

**A.    Substantive Consolidation of the Debtors' Cases Is Appropriate.**

Substantive consolidation allows a bankruptcy court to consolidate the estates of more than one debtor to "create a single fund from which all claims against the consolidated debtors are satisfied; duplicate and inter-company claims are extinguished; and the creditors of the consolidated entities are combined for purposes of voting on reorganization plans." Sharp v. Salyer (In re SK Foods, L.P.), 2010 U.S. Dist. LEXIS 136178 (E.D. Cal. Dec. 9, 2010); see also In re Standard Brands Paint Co., 154 B.R. 563 (Bankr. C.D. Cal. 1993); In re I.R.C.C., Inc., 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989).

The primary purpose of substantive consolidation is to ensure the equitable treatment of all creditors.  Alexander v. Compton (In re Bonham), 229 F.3d 750, 764 (9th Cir. 2000).

1.    **This Court Has the Authority to Order Substantive Consolidation.**

As courts of equity, bankruptcy courts have the power to order the substantive consolidation of individuals and entities where it will ensure the equitable treatment of all creditors.  In re Bonham, 229 F.3d at 763; 11 U.S.C. § 105(a).  The bankruptcy court's power of substantive consolidation has been considered one of the bankruptcy court's general equitable powers since the passage of the Bankruptcy Act of 1898.  In re Bonham, 229 F.3d at 763.

Substantive consolidation is common in cases involving individuals and their corporate entities.  See e.g. FDIC v. Colonial Realty Co., 966 F.2d 57 (2d Cir. 1992) (substantively consolidating a partnership with the two individual debtors who were its general partners); In re Oxridge Investment Group, 43 B.R. 418, 419 (Bankr. D.N.H. 1984) (noting an earlier order substantively consolidating two individual debtors' estates with their corporate entities); In re Safren, 65 B.R. 566, 568 (Bankr. C.D. Cal. 1986) (noting that confirmed plan provided for substantive consolidation of estates of four individual debtors); In re Crabtree, 39 B.R. 718 (Bankr. E.D. Tenn 1984) (substantively consolidating individual debtor's case with non-debtor corporation because the debtor was the sole shareholder, guaranteed the corporation's debts, the corporation

12

operated with little formality, and the financial affairs of the debtor and the corporation were financially intermingled).

In <u>In re Nite Lite Inns</u>, 17 B.R. 367, 371 (Bankr. S.D. Cal. 1982), the court approved the debtors' request for substantive consolidation of individual debtors with their corporate entities where the assets of the individuals would be used to fund the reorganization plans of the corporate entities, and where various cross-guarantees connected the debtors:

> It appears to the court that substantive consolidation is in the best interests of creditors in this case because it eliminates the problems arising from the numerous cross-guarantees made by the individual debtors on corporate debts. Additionally, the sale of the individual debtors' personal property enhances the possibility that the debtors will be able to meet the payment scheme set forth in the plan.

17 B.R. at 371. Similar grounds, discussed below, support substantive consolidation of these Debtors' cases.

### 2. The Standard for Substantive Consolidation.

In <u>Bonham</u>, *supra*, the Ninth Circuit affirmed a bankruptcy court's order substantive consolidating the bankruptcy estate of an individual debtor and two closely held corporations. The Ninth Circuit noted that no uniform guideline for substantive consolidation exists, and because of the fact intensive nature of the determination, courts must engage in a case-by-case analysis. <u>Id</u>. at 765. The Ninth Circuit reviewed the various tests employed by other Courts of Appeal and adopted the Second Circuit test, which requires the consideration of two factors:

> (1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit, and

> (2) whether the affairs of the debtor are so entangled that consolidation will benefit all creditors.

<u>Id</u>.[1] The Ninth Circuit expressly held that the presence of either factor is a sufficient basis to order substantive consolidation. <u>Id</u>. at 766.

---

[1]  The Ninth Circuit further explained that no specific cost benefit analysis is required for determining whether consolidation will benefit all creditors. Rather, substantive consolidation has one purpose: fairness to all creditors. <u>Id</u>. at 767.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

The Ninth Circuit explained that these factors are not analogous to the concepts of "alter ego" and "piercing the corporate veil" to pursue a claim against an owner of a corporation, but rather the notion of "enterprise liability" of entities that are operated as a unit is a more apt analogy:

> Like piercing the corporate veil, substantive consolidation ignores artificial structures legally defining the consolidated entities. Ultimately, however, such an analogy is misplaced because the corporate law doctrine of limited liability is not involved. Rather, substantive consolidation is more like the corporate law notion of enterprise liability because substantive consolidation does not seek to hold shareholders liable for the acts of their incorporated entity. [footnote omitted] Substantive consolidation more closely resembles the bankruptcy rule of subordination because competition for the consolidated assets is between creditors alone. Thus, substantive consolidation ignores artificial legal structures but looks only to the combined assets of the consolidated entities for satisfaction of all claims against the collective group. [footnotes in original omitted]

*Bonham*, 26 B.R. at 77, quoting J. Stephen Gilbert, Note: *Substantive Consolidation in Bankruptcy: A Primer*, 43 Vand L Rev 207, 218 and fn 77-81 (cit. omitted); Simantob v. Lahijani (In re Lahijani), 2005 Bankr. LEXIS 1891, 32-33 (Bankr. C.D. Cal. Oct. 3, 2005) ("[T]he term "alter ego" does not have to meet the definition under any state law [regarding alter ego] but instead is used loosely to indicate that a corporation is the instrumentality of the debtor used to conduct the debtor's financial affairs.").

Since Bonham, at least one court has recognized that substantive consolidation may be appropriate even if the negative concerns of the two Bonham factors are not present and if consolidation "benefits all creditors while harming none." In re Bashas' Inc., 437 B.R. 874, 929 (Bankr. D. Ariz. 2010). The Bashas' court reasoned that in Bonham, "it is clear that the Ninth Circuit did not require bankruptcy courts to look only to the two negative concerns set forth above, in some 'Pavlovian' way. Id. at 767. The basic rules, and the discretion to apply them, stem solely and completely from a weighing of the equities, and a decision which emanates from one guiding light: 'Is this reasonable under the circumstances?'" In re Bashas' Inc., 437 B.R. at 929.

In Bashas', three affiliated chapter 11 debtors operated a grocery chain. The debtors were Bashas' and the Leaseco and Sportsman's entities, and the court noted that "[f]or all practical purposes, the Leaseco and Sportsman's entities are divisions within the larger Bashas' organization." Id. at 884. The debtors proposed a single plan, which provided for substantive consolidation and

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

14

payment of all creditors in full.  Some of the debtors' secured creditors, including certain banks

("Banks"), objected to the plan because the Court had not found the presence of either <u>Bonham</u>

factor – a single economic unit on which creditors relied or excessive entanglement such that

consolidation will benefit all.  The Court denied the objections and approved substantive

consolidation, which was "purely for convenience," because consolidation did not harm any creditor:

> The Banks have presented no affirmative evidence to show that they would be prejudiced by a substantive consolidation, or that they would be practically impaired by combining the Debtor entities' assets and liabilities in these cases. The Banks already have the Debtor entities' continuing guarantees for the Bashas' debts (Ex. Z), and likewise have UCC-1 filings as to the Debtor entities' assets (Ex. W) as well as a signed security agreement (Ex. V).  All unsecured creditors of the Debtor entities have voted in favor of the Plan, which includes the consolidation of the bankruptcy cases for plan and payment purposes.  The Plan is a 100% payment plan for all creditors.

> The court thus perceives no practical nor legal prejudice to the Banks or any other creditor.

<u>In re Bashas' Inc.</u>, 437 B.R. at 928.

Here, as in <u>Bashas'</u>, the Debtors operated as a single enterprise, and creditors will not be

prejudiced by substantive consolidation.  Rather, there will either be no material impact on creditors

who are already oversecured or are unsecured creditors of solvent debtors, or there will be a benefit

to those creditors who presently stand to receive reduced payments on their claims.

(a)    **The first <u>Bonham</u> factor – whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit – applies in the Debtors' cases.**

In <u>Bonham</u>, the Ninth Circuit explained the implications of the first factor as follows:

> The first factor, reliance on the separate credit of the entity, is based on the consideration that lenders "structure their loans according to their expectations regarding the borrower and do not anticipate either having the assets of a more sound company available in the case of insolvency or having the creditors of a less sound debtor compete for the borrower's assets." <u>In re Augie/Restivo</u>, 860 F.2d at 518-19.

<u>Bonham</u>, 229 F.3d at 766.  As described in detail above, the Debtors operated much like divisions of

a single enterprise with a common aim rather than as separate enterprises with different interests.  In

addition, most if not all of the Debtors' secured creditors required guarantees from Ross and/or

Rossco for loans to other Debtors (as well as asserting claims against Rossco in its capacity as

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax  (323) 686-5403

general partner of WM Properties and Chimney Hill Properties).  These sophisticated parties

recognized that, while one of the Debtors would serve as primary obligor, the credit of multiple

Debtors was necessary in order to justify the transaction.  Thus, the Debtors' secured creditors did

not rely on the Debtors' separate identities in extending credit.

     (b)    **The second <u>Bonham</u> factor – whether the affairs of the debtor are so entangled that consolidation will benefit all creditors.**

In <u>Bonham</u>, the Ninth Circuit explained the implications of the second factor as follows:

> Consolidation under the second factor, entanglement of the debtor's affairs, is justified only where "the time and expense necessary even to attempt to unscramble them [is] so substantial as to threaten the realization of any net assets for all the creditors" or where no accurate identification and allocation of assets is possible.

<u>Bonham</u>, 229 F.3d at 766 (citation omitted).  Debtors are typically expected to account for transfers

made within four years of the petition date.  Because of the inextricably intertwined manner in which

these Debtors often operated, it may not be possible to fully and accurately identify all transfers

among the Debtors during that period.  For example, while the intercompany proofs of claim filed by

the Entity Debtors address documented loans among the Entity Debtors, there were many smaller

loans that one Entity Debtor would advance to another Entity Debtor in order to address the short-

term needs of each business.  Even if it is possible to fully and accurately identify all such transfers,

it would likely be time consuming and costly – time and cost that is not justified in a case where the

Debtors otherwise anticipate a substantively consolidated Plan that will provide for the claims of all

of the Debtors' creditors.

     Finally, even if the negative concerns of these two factors were not present, as in <u>Bashas'</u>,

there will be no harm to any creditor because the Consolidated Debtor will be solvent and, therefore,

the Debtors anticipate that all allowed claims will be fully satisfied.  <u>Bashas'</u>, 437 B.R. at 928.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA  90027
Tel. (323) 686-5400      Fax  (323) 686-5403

**B.    Joint Administration, Either as Combined or Alternative Relief, Will Benefit the Debtors' Estates**

        1.    **Joint Administration Of These Cases Will Yield Substantial Administrative Benefits.**

Bankruptcy Rule 1015 states that joint administration may be appropriate when two or more related debtor entities - whether spouses, partnerships, or corporations - have filed for protection under the Bankruptcy Code:

> (b)  Cases involving two or more related debtors.  If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.
>
> (c)  Expediting and protective orders. When an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

Fed. R. Bankr. P. 1015(b) - (c).  Bankruptcy Rule 1015 promotes the efficient and economical administration of affiliated debtors' related cases while also ensuring that individual creditor's rights are not unduly prejudiced.  See 9 Collier on Bankruptcy ¶ 1015.03 (15th ed. 2005); see also In re Brookhollow Assocs., 435 F. Supp. 763, 766 (D. Mass. 1977) (Joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), aff'd, 575 F.2d 1003 (1st Cir. 1978); In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986).  As stated in the Official Committee Note for Rule 1015, joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

F. R. Bankr. P. l015 (Committee Note ¶ 4).

Joint administration and substantive consolidation differ significantly.  In substantive consolidation, assets and liabilities are pooled, and generally, the separate entities' creditors share pro rata in the estates' aggregate net value.  See In re Standard Brands Paint Co., 154 B.R. 563

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

**The Creditors' Law Group, a Professional Corporation**
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

(Bankr. C.D. Cal. 1993); In re I.R.C.C., Inc., 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989).  Joint administration, however, is merely procedural; it has no impact on creditors' substantive rights.  N.S. Garrott, 63 B.R. at 191; In re Arnold, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983).  Thus, joint administration does not in itself prejudice any creditor's rights.

Joint administration is warranted in these cases.  By definition, under LBR 1015-2(a), all of the Debtors are "related."  Leonard M. Ross is the president and 100% owner of Rossco.  Rossco, 1009 BH Properties, Colony Lodging and Monte Nido Estates are affiliates as defined by Bankruptcy Code section 101(2) and Bankruptcy Rule 1015(b).  WM Properties and Chimney Hill are limited partnerships in which Rossco is the general partner, which renders Rossco an "insider" of both, if not an affiliate.  11 U.S.C. § 101(2)(d) and 101(31); LBR 1015-2(a)(3) and (a)(3).

Additionally, there is overlap in the Debtors' creditor bodies and with respect to the claims asserted by the Debtors' lenders.  Several secured creditors – including Bank of America, OneWest Bank FSB, JP Morgan Chase Bank, N.A. and PMB (now secured only as against WM Properties, unsecured as against Ross and Rossco) – overlap more than one of the Debtors' estates with primary or guaranty claims.

If these estates are jointly administered, creditors will receive joint notices of the matters involving each of the affiliated entities, thereby ensuring that creditors are fully informed of all matters potentially affecting their claims.  It is almost certain that many (if not most) of the motions filed in these cases will concern most or all of the Debtors.  If these cases are not jointly administered, parties filing papers with this Court will have to prepare multiple sets of papers that will often be identical except for the captions.  Moreover, many of the Debtors' creditors will unnecessarily receive multiple copies of the papers.  Joint administration will avoid such unnecessary and expensive duplication.

Joint administration will greatly reduce the cost of administering these cases and will eliminate the substantial confusion and waste that would otherwise be created by maintaining separate dockets.

2.        **Joint administration will protect against conflicts of interest.**

Prior to entering an order of joint administration, a court is required to "give consideration to protecting creditors of different estates against potential conflicts of interest." Fed. R. Bankr. P. 1015(b); Local Bankruptcy Rule 1015-1(b).  Here, the Debtors believe that there will be no material prejudice to any creditor if these cases are jointly administered, and particularly if they are simultaneously substantively consolidated.  Standing alone, joint administration of the Debtors' cases would not create any conflict of interest, particularly as the Entity Debtors already have counsel separate from the Ross estate.  Combined with substantive consolidation, joint administration merely removes administrative burdens that are entirely unnecessary once the Debtors' assets and claims have been combined for purposes of the Debtors' Plan.  Accordingly, the Debtors submit that joint administration should be approved.

## III.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (1) finding that notice of the Motion was adequate and appropriate, (2) granting the Motion in its entirety, (3) substantively consolidating the Debtor's case with the cases of Ross and the other Entity Debtors for the purposes and on the terms set forth above, (4) authorizing the joint administration of the Debtor's case with the chapter 11 cases of Ross and the other Entity Debtors under the case number for *In re Leonard M. Ross*, Case No. 10-bk-49358-VZ; (5) approving the form of joint caption annexed hereto as Exhibit 1; and (6) granting such other relief as this Court deems necessary and appropriate.


DATED: February 15, 2011            ___/s/ David J. Richardson_____
                                    DAVID J. RICHARDSON
                                    LAURA L. BUCHANAN
                                    THE CREDITORS' LAW GROUP, APC
                                    Attorneys for Rossco Holdings, Inc., Colony Lodging, Inc., Monte Nido Estates, LLC, and WM Properties, Ltd., Debtors and Debtors-In-Possession, and [Proposed] Attorneys for 1009 BH Properties, LLC and Chimney Hill Properties, Ltd., Debtors and Debtors-In-Possession

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

## DECLARATION OF LEONARD M. ROSS

I, Leonard M. Ross, declare as follows:

1.      I ("Ross") am the president and 100% owner of Rossco,[2] which wholly owns 1009 BH Properties, Monte Nido Estates and Colony Lodging and is the general partner of Chimney Hill and WM Properties.  I am a representative of each of the Debtors.  I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtors, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2.      In particular, I am one of the custodians of the books, records and files of the Debtors. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge from them from the business records of the Debtors, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Debtors' businesses at or near the time by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

3.      This declaration is being submitted in support of the *Motion For Order Substantively Consolidating The Debtor's Case With The Cases Of Affiliated Debtors, And Amended Motion Directing Joint Administration Of Related Cases* (the "Motion"), with which this declaration is being filed.

4.      Rossco, Colony Lodging, Monte Nido Estates, and WM Properties commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in late July and early August before the United States Bankruptcy Court for the Western District of Texas, and these cases were transferred to this Court.  On September 15, 2010, I filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  1009 BH Properties and Chimney Hill filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court on December 27, 2010.

---

[2]    Capitalized terms that are not defined herein are defined in the Motion.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

5.       I, individually and as the Trustee of the Leonard M. Ross Revocable Trust (the "Trust''), have direct or indirect interests in each of the Entity Debtors, each of which furthers my business interests as an owner, operator and developer of real property.  The Entity Debtors are subject to my common management and control.  I actively manage the business and make all significant business decisions for the Debtors.  The same accountant provides accounting services for my personal affairs and for each of the Entity Debtors, the Debtors utilize common offices and resources, and the Debtors' share books and records..

6.       The Debtors that originally filed in Texas (Rossco, WM Properties, Colony Lodging and Monte Nido Estates), filed their cases to reorganize after they defaulted on various obligations that they had to certain of their respective lenders, some of which overlap.  On motions of Pacific Mercantile Bank ("PMB"), joined by those Debtors, the Texas Bankruptcy Court transferred these cases to the United States Bankruptcy Court for the Central District of California, pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 1014(a)(I).  October 21, 2010, those Texas cases were assigned to the Los Angeles Division of the United States Bankruptcy Court for the Central District of California.  On October 26, 2010, these cases were transferred, intra-district, to this Court.

7.       Several of the Debtors' most significant creditors have asserted claims against multiple Debtors arising from guarantees of secured loans or co-liability based on other grounds. For example, in late November 2010, Pacific Mercantile Bank ("PMB") and all of the Debtors other than 1009 BH Properties and Chimney Hill obtained approval of a settlement of most of PMB's secured claims (the "PMB Settlement"), which left PMB as an unsecured creditor holding a deficiency claim that is a joint and several obligation of the Ross and Rossco estates, and a secured creditor in the WM Properties case.  Other common secured, or formerly secured creditors of the Debtors include: (i) Bank of America, N.A., which asserts claims against Ross and Rossco; (ii) JP Morgan Chase Bank, N.A., which asserts claims against 1009 BH Properties, Chimney Hill Properties, Ross and Rossco (iii) OneWest Bank, FSB, which asserts claims against Rossco, WM Properties and Ross; (iv) National Guaranty Life Insurance Company, which asserts claims against

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400   Fax (323) 686-5403

Rossco and Ross; and (v) Ford Motor Credit Company, which asserts claims against Rossco and Monte Nido.

8.     I am an individual debtor-in-possession in a chapter 11 case pending before this Court, and am the president and 100% owner of Rossco, which in turn wholly owns 1009 BH Properties, Colony Lodging and Monte Nido Estates, and is the general partner of Chimney Hill and WM Properties.

9.     1009 BH Properties is a Delaware limited liability company, which is wholly owned by Rossco, and primarily owns real property located at 1009 N. Beverly Drive, Beverly Hills, CA 90210 (the "1009 Property"). Its largest creditor is JP Morgan Chase Bank, N.A., which asserts a secured claim of approximately $4,615,000, secured by the 1009 Property, which has an estimated value of approximately $8,500,000. That loan is guaranteed by me, individually and as trustee of the Leonard M. Ross Revocable Trust and by Rossco.

10.    Chimney Hill Properties, Ltd. is a Texas limited partnership. Its general partner is Rossco, and it primarily owns real property located at 1013 N. Beverly Drive, Beverly Hills, CA 90210 (the "1013 Property"). Its largest creditor is JP Morgan Chase Bank, N.A., which asserts a secured claim of approximately $5,940,000, secured by the 1013 Property, which has an estimated value of approximately $11,500,000. That loan is guaranteed by me, individually and as trustee of the Leonard M. Ross Revocable Trust and by Rossco.

11.    Rossco is a California corporation engaged in the businesses of real property leasing, operating, management, development and sales. Rossco owns developed and undeveloped real property in College Station, Texas, including a 60-unit rental complex. Rossco also owns an interest in approximately thirteen (13) other entities, including interests in 1009 BH Properties, WM Properties, Monte Nido Estates and Colony Lodging, and furnishes general management functions and oversight for the ownership, operation, management, development and/or marketing of real property. Rossco scheduled approximately 27 general unsecured creditors with claims in the total amount of $37,734,949.86, but will shortly be amending certain of its schedules to correct some minor errors. Several of these claims are based on guaranty obligations of Rossco that are related to obligations of other Debtors.

12.    Colony Lodging is a Texas corporation which, prior to the PMB Settlement, owned and operated a 200-unit apartment complex in College Station, Texas. Colony Lodging is wholly owned by Rossco. Colony Lodging has scheduled approximately 27 general unsecured creditors, with claims in the total amount of $83,280.

13.    Monte Nido Estates is a California limited liability company in the real estate development business, and it is wholly owned by Rossco. Prior to the PMB Settlement, Monte Nido Estates owned 14 of 20 vacant lots in a small division known as Monte Nido Estates in Calabasas, California, which lots were conveyed to PMB in the PMB Settlement.

14.    WM Properties is a California limited partnership. Its general partner is Rossco. WM Properties owns and leases commercial property in Killeen, Texas (the "Killeen Property"), owns a 3 acre tract of land in Montecito, California (the "Montecito Property"), and owns a limited partnership interest in LJR Properties, Ltd., which prior to the petition date owned and operated a hotel in Killeen, Texas.

15.    WM Properties' secured creditors include the RFF Family Partnership which is scheduled as having a second priority secured claim on the Killeen Property in the amount of $300,000, based on a prepetition loan to WM Properties. WM Properties' largest remaining secured creditor is OneWest Bank FSB, scheduled by the Debtor as having $1,938,313 secured claim against the Debtor secured by the Montecito Property.

16.    I have reviewed the proofs of claim filed by creditors in each of the Debtors' cases, and the lists of creditors scheduled as holding secured and unsecured claims in each of the Debtors' schedules. I am also familiar with all of the real property assets owned by each of the Debtors, and the value that each can be expected to have in the present real estate market. It is my belief that, if the assets and liabilities of all of the Debtors were substantively consolidated, that the consolidated debtor would have assets that far exceed the total amount of its debts.

17.    Monte Nido has scheduled approximately $61,000 in unsecured claims, and less than $17,000 in unsecured claims have been filed against it by non-Debtor creditors. Colony Lodging scheduled approximately $93,000 in unsecured claims, and approximately $68,000 in unsecured claims have been filed against it by non-Debtor creditors.

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

18.    I am represented in these matters by The Law Offices of Robert Yaspan.  On December 7, 2010, the Entity Debtors retained The Creditors' Law Group, a Professional Corporation ("TCLG"), as separate counsel from Ross' counsel to address concerns raised by the Court regarding conflicting interests between creditors of Ross and the Entity Debtors.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on February 15, 2011, at Beverly Hills, California.

Leonard M. Ross

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

24

Exhibit 1

| | |
|---|---|
| In re: | ) **Main Case No. 2:10-bk-49358-VZ** |
| | ) |
| LEONARD M. ROSS, an individual, 1009 | ) **Substantively Consolidated and Jointly** |
| BH PROPERTIES, LLC, a Delaware limited | ) **Administered with:** |
| liability company, CHIMNEY HILL | ) **Case No. 2:10-bk-65061-VZ** |
| PROPERTIES, LTD., a Texas limited | ) **Case No. 2:10-bk-65062-VZ** |
| partnership, COLONY LODGING, INC., a | ) **Case No. 2:10-bk-55925-VZ** |
| Texas corporation, MONTE NIDO | ) **Case No. 2:10-bk·55947-VZ** |
| ESTATES, LLC, a California limited liability | ) **Case No. 2:10-bk-55951-VZ** |
| company, ROSSCO HOLDINGS, INC., a | ) **Case No. 2:10-bk-55970-VZ** |
| California corporation, and | ) |
| WM PROPERTIES, LTD. a California limited | ) |
| partnership, | ) Chapter 11 |
| | ) |
| Debtors. | ) |

The Creditors' Law Group, a Professional Corporation
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

| Debtor | Claim No. | Creditor | Amount |
|--------|-----------|----------|--------|
| Rossco | 5 | AMEX | 35,248.77 |
| L. Ross | 15 | American Express Bank, FSB | 35,682.95 |
| Rossco | 9 | Bank of America | 22,811,887.30 |
| L. Ross | 18 | Bank of America | 22,811,887.30 |
| L. Ross | 19 | Bank of America | 22,811,887.30 |
| Rossco | 8 | Bank of America | 1,863,352.20 |
| L. Ross | 17 | Bank of America, | 1,863,352.20 |
| L. Ross | 9 | Chase Bank USA, N.A. | 471,793.72 |
| Rossco | Scheduled | Chase Home Finance | 1.00 |
| L. Ross | Scheduled | Chase Home Finance | 4,615,000.00 |
| Rossco | Scheduled | Chase Home Finance | 4,615,000.00 |
| L. Ross | Scheduled | Chase Home Finance | 5,940,000.00 |
| Rossco | Scheduled | Chase Home Finance | 5,940,000.00 |
| L. Ross | Scheduled | Chase Home Finance | 12,226,000.00 |
| Rossco | 2 | Ford | 53.92 |
| L. Ross | Scheduled | Ford Credit | 16,784.00 |
| Rossco | 2 | Ford Motor Co. | 14,900.00 |
| Monte | TX-1 | Ford Motor Fin | 16,441.01 |
| 1009 BH | Scheduled | JP Morgan Chase | 4,615,000.00 |
| Chimney | Scheduled | JP Morgan Chase | 5,940,000.00 |
| L. Ross | 38 | JP Morgan Chase Bank, N.A. | Unliquidated |
| Rossco | 14 | JP Morgan Chase Bank, N.A. | Unliquidated |
| Rossco | 6 | National Guardian | 5,005,226.48 |
| L. Ross | 32 | National Guardian Life Insurance | Unliquidated |
| Rossco | 7-2 | One West Amended | 2,929,393.74 |
| Rossco | Scheduled | OneWest Bank | 2,814,000.00 |
| Rossco | Scheduled | OneWest Bank | 1,938,313.00 |
| WM | Scheduled | OneWest Bank | 1,938,313.00 |
| L. Ross | Scheduled | OneWest Bank | 1,922,155.00 |
| L. Ross | Scheduled | OneWest Bank | 1,612,800.00 |
| L. Ross | Scheduled | OneWest Bank | 881,934.00 |
| L. Ross | Scheduled | OneWest Bank | 691,200.00 |
| L. Ross | 36 | OneWest Bank, FSB | Unliquidated |
| L. Ross | 34 | OneWest Bank, FSB | 2,929,393.74 |
| WM | 2-2 | OneWest Bank, FSB | 2,053,576.87 |
| L. Ross | 35 | OneWest Bank, FSB | 2,053,576.87 |
| Rossco | per settlement | PMB | 750,000.00 |
| L. Ross | per settlement | PMB | 750,000.00 |
| Rossco | 3 | PMB (Pacific Mercantile Bank) | 15,927,102.06 |
| Monte | 1 | PMB (Pacific Mercantile Bank) | 9,350,062.84 |
| Colony | 3 | PMB (Pacific Mercantile Bank) | 6,328,398.94 |
| WM | 1 | PMB (Pacific Mercantile Bank) | 249,000.00 |
| L. Ross | 27 | Prosperity Bank, | 830,990.34 |
| Rossco | 10 | Prosperity Bank | 830,990.34 |

| In re:<br>COLONY LODGING, INC.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:10-bk-55925-VZ |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

> The Creditors' Law Group, APC
> 2301 Hyperion Avenue, Ste. A
> Los Angeles, CA  90027-4711

A true and correct copy of the foregoing document described as NOTICE OF MOTION AND MOTION FOR ORDER SUBSTANTIVELY CONSOLIDATING THE DEBTOR'S CASE WITH THE CASES OF AFFILIATED DEBTORS, AND AMENDED MOTION DIRECTING JOINT ADMINISTRATION OF RELATED CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LEONARD M. ROSS IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 15, 2011 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

⊠  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On    February 15, 2011    , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Honorable Vincent Zurzolo (Fedex)
> United States Bankruptcy Court
> 255 E. Temple St., Suite 1360
> Los Angeles, CA  90012

> United States Trustee (LA) (U.S. Mail)
> 725 S. Figueora St., 26th Floor
> Los Angeles, CA  90017-5524

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 15, 2011 | Laura L. Buchanan | /s/ Laura L. Buchanan |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                        **F 9013-3.1.PROOF.SERVICE**

| In re:<br>COLONY LODGING, INC.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:10-bk-55925-VZ |
|---|---|

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>**

- Laura L Buchanan          llb@thecreditorslawgroup.com
- Jay W Hurst               jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us
- John R Lane               johnlaneassociates@gmail.com, mcountryman@jrl-law.com
- Justin E Rawlins          jrawlins@winston.com, docketla@winston.com
- David J Richardson        djr@thecreditorslawgroup.com
- David B Shemano           dshemano@pwkllp.com
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
- Joshua D Wayser           joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com
- Robert M Yaspan           court@yaspanlaw.com, tmenachian@yaspanlaw.com

_ **II.  <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>**

Howard Grobstein
Crowe Horwath LLP
15233 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-2250

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                        **F 9013-3.1.PROOF.SERVICE**